IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MICHAEL FULTON, | : | |
| Plaintiff | : | |
| VS. | : | NO. 3:06-CV-51 (CAR) |
| DAVID W. GIFFETH, | : | |
| Defendant | : | **ORDER** |

Plaintiff **MICHAEL FULTON**, an inmate at the Federal Correctional Institution in Estill, South Carolina, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## I. IN FORMA PAUPERIS APPLICATION

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated June 21, 2006, the Court granted plaintiff's motion to proceed *in forma pauperis* and ordered him to pay an initial partial filing fee in the amount of $96.20. On July 24, 2006, plaintiff paid the initial partial filing fee.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. §1915(b)(2). The clerk of court is **DIRECTED** to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id***.

## III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff has named only one defendant in this 42 U.S.C. § 1983 action–David W. Griffeth. It appears from a review of plaintiff's complaint that David W. Griffeth is the attorney who plaintiff hired in 2001 to file a direct appeal in plaintiff's criminal case. According to plaintiff, the United States Court of Appeals for the Eleventh Circuit ruled on this appeal on November 13, 2001. However, plaintiff states that Mr. Griffeth did not notify him of the result of this appeal until approximately February 21, 2005. Plaintiff alleges that Mr. Griffeth's negligent failure to notify him of the appellate decision caused him to lose his opportunity to collaterally attack his conviction and sentence under 28 U.S.C. § 2255; and to lose the chance to file a timely petition for certiorari.

Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983. Acting "under color of state law" is a jurisdictional prerequisite to all § 1983 actions. ***Polk County v. Dodson***, 454 U.S. 312, 315 (1981). It is well settled that allegations against criminal defense attorneys, court

appointed or privately retained, do not state viable claims under § 1983 because such attorneys do not act under color of state law when they act as attorneys for criminal defendants. *Id*. Therefore, criminal defense attorneys cannot be held liable under § 1983 for their actions, or inactions, during a criminal trial or appeal of a criminal trial.

Plaintiff also alleges that Mr. Griffeth violated unspecified "State Law." Plaintiff states that because the Court has jurisdiction under 28 U.S.C. § 1331, it can invoke its pendent jurisdiction to hear these claims also. However, because the Court has found that there is no cognizable federal question claim, the Court is without jurisdiction to hear the state law claims. Moreover, plaintiff does not allege that the Court has jurisdiction pursuant to diversity of citizenship under 28 U.S.C. § 1332. Although plaintiff is currently incarcerated in South Carolina, "a prisoner does not acquire a new domicile in the place of his imprisonment. Instead, he retains the domicile he had prior to his incarceration." *Lima v. Diaz*, No. 95-734, 1995 U.S. Dist. LEXIS 18917, at *3-4 (M. D. Fla. December 18, 1995); *Mitchell v. Brown & Williamson Tobacco Corp*., 294 F.3d 1309, 1314 (11th Cir. 2002). The record shows that prior to incarceration, plaintiff resided in Georgia. (R. at 6). Since both plaintiff and David Griffeth are citizens of Georgia, no basis for diversity jurisdiction exists. Without diversity of citizenship under 28 U.S.C. § 1332, or a federal question under 28 U.S.C. § 1331, this Court lacks subject matter jurisdiction over this action.

For these reasons, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 24th day of August, 2006.

                                                                             S/ C. Ashley Royal  
                                                                             C. ASHLEY ROYAL  
                                                                             UNITED STATES DISTRICT JUDGE

lnb